UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ADVANCED ORTHOPEDICS AND
SPORTS MEDICINE INSTITUTE,

    Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF NEW
JERSEY, BLUE CHOICE HEALTH
PLAN, SMARTLIX SOLUTIONS, JOHN
AND JANE DOES 1-10, AND ABC
CORPORATIONS 1-10,

    Defendants.

Civil Action No. 3:17-cv-11807-BRM-LHG

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) Plaintiff Advanced Orthopedics and Sports Medicine Institute's ("AOSMI") Motion to Remand and Request for Attorney's Fees (ECF No. 6) and (2) Defendants Horizon Blue Cross Blue Shield of New Jersey ("Horizon") and Blue Choice Health Plan South Carolina, Inc. ("Blue Choice") (collectively, "Insurance Defendants") Motion to Dismiss AOSMI's Complaint (ECF No. 8). Both motions are opposed. (ECF Nos. 12 & 13.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, AOSMI's Motion to Remand is **GRANTED**, and Defendants' Motion to Dismiss AOSMI's Complaint is **DENIED AS MOOT**. AOSMI's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a dispute over payment for a surgery. AOSMI, an out-of-network provider, seeks payment from Insurance Defendants for medical services provided to a patient referred to as "J.E." (the "Participant"). (Compl. (ECF No. 1-1).) AOSMSI claims the Participant was covered under his parent's insurer, Blue Choice, through his parent's employer, Defendant Smartlinx Solutions, LLC.[1] (*Id.* ¶¶ 7, 15.) AOSMI alleges the Participant was diagnosed with spinal injuries, which required surgery. (*Id.* ¶ 16.) AOSMI contends it contacted Insurance Defendants before the surgery and obtained approval to perform the procedure. (*Id.* ¶ 17.) On January 14, 2015, Grigory Goldberg, M.D., a physician with AOSMI, performed the surgery with the assistance of Caitlin Fabian, P.A. (*Id.* ¶¶ 18-19.) AOSMI contends it billed Insurance Defendants $218,472.50: $146,695.00 for the surgeon's work and $71,777.50 for the assistant charges. (*Id.* ¶¶ 21-23.) AOSMI alleges Insurance Defendants paid AOSMI $4145.00 for the services provided to the Participant, leaving a balance of more than $214,000.00. (*Id.* ¶ 24.)

On September 20, 2017, AOSMI filed the Complaint in the Superior Court of New Jersey, Law Division, Monmouth County (Civ. A. No. MON-L-3492-17). In the Complaint, AOSMI alleges four counts: (1) breach of contract (Count I); (2) promissory estoppel (Count II); (3) account stated (Count III); and (4) fraudulent inducement (Count IV). (*Id.* ¶¶ 26-49.) On November 17, 2017, Insurance Defendants filed the Notice of Removal with this Court, contending this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a). (Notice of Removal (ECF No. 1) ¶ 9.) Insurance Defendants contend this Court has original jurisdiction because the insurance plan in question is an "employee welfare benefit plan" as defined by the Employee Retirement Income

---

[1] Smartlinx Solutions, LLC, incorrectly pleaded as "Smartlink Solutions," has not filed any papers in connection with these motions.

Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and ERISA completely preempts state law claims that relate to such plans. (*Id.* ¶ 1.) On December 15, 2017, AOSMI filed its Motion to Remand. (ECF No. 6.) Defendants oppose the Motion to Remand. (ECF No. 13.) On January 25, 2017, AOSMI filed a reply brief to Defendants' opposition to the Motion to Remand. (ECF No. 14.) On January 8, 2018, Defendants filed the Motion to Dismiss this action. (ECF No. 8.) On May 31, 2018, and June 1, 2018, Insurance Defendants and AOSMI filed letters apprising the Court of two recent District of New Jersey decisions, *Atlantic Shore Surgical Assocs. v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-7534, 2018 WL 2441770, *1, (D.N.J. May 31, 2018) and *East Coast Advanced Plastic Surgery v. Amerihealth*, No. 17-8409, 2018 WL 1226104, *1, (D.N.J. Mar. 9, 2018). (ECF Nos. 16 & 17.) The Court reviewed and considered these submissions. In *Atlantic Shore*, the Court granted the defendant's motion to dismiss, finding ERISA preempted the state law claims, and denied the plaintiff's motion to remand as moot. 2018 WL 2441770 at *1. In *East Coast Advanced Plastic Surgery*, the Court granted the plaintiff's motion to remand, finding the plaintiff lacked standing to assert claims under ERISA § 502, and denied the motion to dismiss as moot. 2018 WL 12261 at *1.

## II. LEGAL STANDARDS

### A. Motion to Remand

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty [(30)] days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### B. Motion to Dismiss

In deciding a motion to dismiss pursuant to Rule 12 (b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

#### A. Motion to Remand

AOSMI argues this Court lacks subject matter jurisdiction over its claims, because the claims "are wholly independent of ERISA" and therefore there is no federal question at issue.

"[B]ecause subject-matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

Under the ERISA, there are two forms of preemption against state law claims. First, "ordinary preemption," pursuant to § 514(a) (otherwise referred to as 29 U.S.C. § 1144 (a)), provides for a defense to a state law cause of action. *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166, 171 (3d Cir. 1997). However, ordinary preemption under ERISA, alone, is not adequate for removal of a claim to federal court because a federal defense is not sufficient for federal question jurisdiction. *Id.* Second, "complete preemption," pursuant to § 502 (a)(4) (otherwise referred to as 29 U.S.C. § 1132), provides for certain claims that fall within this provision of ERISA to be removed to federal court.

Complete preemption, under § 502(a), acts as ERISA's civil enforcement mechanism and serves as "one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 206 (2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)); *see also Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004).

Here, AOSMI and Insurance Defendants agree only complete preemption pursuant to § 502(a) is at issue. (ECF No. 6 at 4-5; ECF No. 13 at 9-13.) The Third Circuit employs a two-part test to determine whether a case is removable under § 502(a). "[A] case is removable only if (1) the [plaintiff] could have brought its . . . claim[s] under § 502(a), and (2) no other legal duty supports the [plaintiff]'s claim[s]." *Pascack Valley Hosp*, 388 F.3d at 400. "Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are

satisfied." *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (citation omitted). "[A] federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Pascack Valley Hosp.*, 388 F.3d at 400 (quoting *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 274 (3d Cir. 2001) (alteration in original)).

1. *Pascack* **Prong 1**

Courts have divided the first prong of the *Pascack* test into two inquiries: (1) whether the plaintiff is the type of party that can bring a claim under Section 502(a)(1)(b); and (2) whether the claim itself can be construed as a claim for benefits pursuant to Section 502(a)(1)(B).

   a. **Whether AOSMI is the type of party that can bring a claim under Section 502(a)(1)(b)**

As to the first subpart of the *Pascack* prong 1, AOSMI contends that it could not have brought the claim under § 502(a) because it lacks standing. (ECF No. 6 at 7.) Under § 502(a), the only individuals who have standing to bring an ERISA claim are plan participants or beneficiaries; this standing has also been broadened to include health care providers who assert properly assigned ERISA claims on behalf of their patients. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 (3d Cir. 2014). Thus, AOSMI contends because it is not a plan participant, nor a beneficiary of the ERISA plan, it cannot have standing to bring claims under ERISA, and the first prong of the complete preemption test is not satisfied. (ECF No. 6 at 7.)

Insurance Defendants counter that AOSMI would have standing to bring claims under ERISA. (ECF No. 13 at 9.) Insurance Defendants claim that although Plaintiff is not a "participant" or "beneficiary" (the two types of individuals who have direct standing under ERISA), the Third Circuit recognizes "derivative provider standing" to bring an ERISA claim. (*Id.* (citing *North*

*Jersey Brain & Spine v. Aetna, Inc.*, 801 F.3d 369, 371 (3d Cir. 2015)).) Derivative provider standing applies when the medical provider acquires an assignment of benefits from the patient and the plan allows for assignments. *North Jersey Brain & Spine*, 801 F.3d at 371. A party cannot have derivative provider standing if the plan in question prohibits assignments. *Emani v. Quinteles*, No. 17-3069, 2017 WL 4220329, *2-3 (D.N.J. Sep. 21, 2017) (collecting cases).

Here, AOSMI accepted an assignment from the Participant. (ECF No. 8-6 at 3.) This alone does not confer standing upon AOSMI, because, as Insurance Defendants acknowledge, the Participant's plan prohibits assignments. (ECF No. 13 at 12); *see Emani*, 2017 WL 4220329, at *2-3. The Participant's plan states, "[b]enefits payable under the Contract are not assignable to a non-Participating Provider, unless determined otherwise by BlueChoice HealthPlan in its sole discretion." (ECF No. 8-3 at 35.) AOSMI's position is similar to that of the plaintiff in *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*, No. 17-536, 2017 WL 4011203, *7-8 (D.N.J. Sep. 11, 2017). In *Progressive Spine*, an out-of-network provider asserted claims for breach of contract, quantum meruit, and unjust enrichment against in insurer for treatment of a patient covered by the insurer. *Id.* at *1. The court found the out-of-network provider lacked standing under ERISA, despite the insured having assigned his benefits to the provider. *Id.* at *8. The court reasoned, while the assignment was valid, the non-assignment clause in the policy precluded the out-of-network provider from having derivative standing to assert a claim pursuant to ERISA. *Id.* (citing *Cohen v. Indep. Blue Cross*, 820 F. Supp. 2d 594, 603–07 (D.N.J. 2011); *Kaul v. Horizon Blue Cross Blue Shield of N.J.*, 2016 WL 4071953 (D.N.J. Jul. 29, 2016); *Advanced Orthopedics and Sports Medicine v. Blue Cross Blue Shield of Mass.*, 2015 WL 4430488, *4 (D.N.J. Jul. 20, 2015).

### b. Whether AOSMI's claims can be construed as claims for benefits pursuant to Section 502(a)(1)(B)

A claim is subject to ERISA preemption if it is brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or the clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Here, because the Participant's plan prohibited any assignment, AOSMI cannot be said to be enforcing its rights under the plan. Rather, like the plaintiff in *Progressive Spine*, AOSMI asserts its own claims based on a theory of quasi-contract. 2017 WL 4011203 at *9. To the extent Insurance Defendants argue AOSMI's allegations to support that theory are inadequate, that is a question of state law. *See id.* (declining to address whether plaintiff's quasi-contract claim had validity under state law).

The Court finds Insurance Defendants have not established either subpart of *Pascack* prong 1. Therefore, the Court finds it lacks subject matter jurisdiction and need not reach *Pascack* prong 2. AOSMI's Motion to Remand is **GRANTED**.

### B. AOSMI's Request for Attorney's Fees

In connection with its Motion to Remand, AOSMI seeks attorney's fees pursuant to 28 U.S.C. § 1447(c). The Court finds Insurance Defendants had an objective reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141. The Third Circuit has noted "the courts have struggled with the scope of ERISA preemption." *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 147 (3d Cir. 2007). In light of the complexity of this area of law, the Court cannot find Insurance Defendants lacked a good faith basis for its arguments.

Therefore, the request for attorney's fees is **DENIED**.

### C. Motion to Dismiss

As the Court has found it lacks subject matter jurisdiction, it cannot reach the merits of Insurance Defendants' Motion to Dismiss and the motion is **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons set forth above, AOSMI's Motion to Remand (ECF No. 6) is **GRANTED**. Insurance Defendants' Motion to Dismiss AOSMI's Complaint (ECF No. 8) is **DENIED AS MOOT**. AOSMI's request for attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**. This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Monmouth County and the case is **CLOSED**. An appropriate order will follow.

**Date: July 31, 2018**　　　　　　　　　　　　　　*/s/ Brian R. Martinotti*
　　　　　　　　　　　　　　　　　　　　　　　　　**HON. BRIAN R. MARTINOTTI**
　　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**